OPINION
Defendant-appellant, Troy Kerns, appeals from the judgment and sentence of the Van Wert Municipal Court, Van Wert County, entered on a jury verdict finding him guilty of driving while under the influence of alcohol. Defendant also appeals his conviction and sentence by the trial court for a red traffic light violation.
On June 5, 1997 at approximately 1:30 a.m., Sergeant Fry of the Van Wert City Police Department stopped defendant for driving through a flashing red light. The officer stated at trial that he had to apply his brakes to avoid striking defendant's car. After stopping the defendant, the officer noticed that defendant had bloodshot eyes and noted the odor of alcohol. He also noted that defendant was very "talkative," although his speech was not slurred. When asked whether he had been drinking, defendant responded that he had. The officer then asked defendant to perform some field sobriety tests, but the only test defendant submitted to was an Alco-Sensor portable breath test ("PBT"). The officer testified that when blown into the machine would indicate an individual's breath alcohol content through either a green, yellow or red light. He testified further that defendant's breath caused the red light to come on which indicated that defendant had a significant amount of alcohol in his system. At this point, defendant was arrested for driving under the influence of alcohol.
In his testimony after the State rested, defendant stated that he had stopped by the Old South Bar after work and acknowledged that he had two beers during about an hour and half period at the bar. He also stated that his eyes were bloodshot as a result of having worked around powdered metal at work. As part of his defense, the bartender testified that defendant is a regular customer and usually consumes two beers while at the bar.
Defendant was subsequently cited for the red light violation under R.C. 4511.12 and for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1). This case proceeded to a jury trial on the alcohol-related offense. At trial, defendant's counsel objected to the admission of evidence relating to the Alco-Sensor PBT machine and the court overruled the objection. The trial court noted that it has previously received expert scientific testimony concerning an Alco-Sensor PBT machine and indicated it would take judicial notice of the accuracy of that machine.
The record reveals that the jury asked the following question after it retired to deliberate: "What is the accuracy of the breath test taken on the street?" The trial court then instructed the jury on the scientific reliability of the machine as an indicator of either none, some or a significant level of breath-alcohol content and further stated that the machine has been approved by the Ohio Department of Health. Seven minutes after receiving the trial court's response to its question, the jury found defendant guilty of driving while under the influence of alcohol and he was sentenced accordingly by the trial court. The trial court also found defendant guilty of the red light violation based on the evidence presented at trial.
Defendant now appeals and raises the following four assignments of error:
 Over the objection of the defendant, the trial court erroneously allowed into evidence testimony as to the results of a non- evidentiary breath instrument to the substantial prejudice of defendant.
 The trial court erroneously took judicial notice of the accuracy of a non-evidentiary preliminary breath test instrument to the substantial prejudice of defendant-appellant.
 The trial court erroneously failed to instruct the jury as to the significance of judicially noticed facts as required by Ohio Evidentiary Rule 201(G).
 The trial court, in responding to a jury question about the reliability of the Alco Sensor breath instrument, abused its discretion by responding in such a manner as to prejudicially guide the jury to a verdict against the defendant.
In his first assignment of error, defendant argues that the trial court erred by allowing testimony on the results of the Alco-Sensor PBT test at trial. To support this argument, defendant relies on Ohio Adm. Code 3701-53-02(D) and two similar cases of Elyria v. Hebebrand (1993), 85 Ohio App.3d 141, and State v. Siebenaller (May 13, 1994), Wood App. No. 93WD056, unreported. Defendant also argues that the improperly admitted PBT test results led to his conviction and the other evidence at trial was insufficient to convict him of driving under the influence of alcohol.
Former[1] Ohio Adm. Code 3701-53-02 states in pertinent part that:
 (D) The breath testing instruments listed in this paragraph are approved as nonevidential preliminary breath testing instruments. These instruments are not approved for use in determining whether an individual's breath contains a concentration of alcohol prohibited or defined by division (A)(3) of section 4511.19 * * * of the Revised Code, and any other statute or local ordinance prescribing a defined or prohibited breath-alcohol concentration. The approved preliminary breath testing instruments are:
(1) "Alco-Sensor" (two-digit display model); and
 (2) "Alco-Sensor" (pass, warn, fail light display model). (Emphasis added.)
In Hebebrand, supra, the Ninth District Court of Appeals held that results derived from the PBTs listed in Ohio Adm. Code3701-53-02(D) should not be admissible into evidence when a defendant is charged with driving under the influence provision of R.C. 4511.19(A)(1), as was defendant in this case. In reaching its conclusion, the court of appeals stated that the Ohio Adm. Code is inconsistent since "it describes various PBTs as `non-evidential,' but then seems to bar their use only when a defendant is charged with having a prescribed breath- alcohol content." Id. at 144. That inconsistency was resolved in favor of the defendant. Id.
In Siebenaller, the Sixth District Court of Appeals analyzed the opinion in Hebebrand and specifically found that "the mere failure to include R.C. 4511.19(A)(1) in Ohio Adm. Code3701-53-02(D) does not necessarily result in the admissibility of PBT results at trial to show that a defendant was under the influence of alcohol." The court held that:
 [W]hile the PBT may be a relevant indicator that an individual is under the influence of alcohol, the great significance that the general public attaches to mechanical breath tests in "drunk driving" situations creates a potential for improper use of these results by a jury. In determining whether a person is under the influence of alcohol, a jury is likely to mistakenly ascribe too great a value to the PBT results or entirely defer to these results, even though they have been deemed inherently unreliable by the legislature. Ohio Adm. Code 3701-53-02(D). Accordingly, this court finds further that the probative value of the PBT is substantially outweighed by the danger of unfair prejudice to the appellant and that the trial court abused its discretion in admitting the testimony on the PBT results. See Evid.R. 403.
Nor in these two cases did the appellate courts find that the admission of the PBT test results was harmless error. Rather, inHebebrand, the court of appeals held that:
 In order to hold an evidential error harmless, the court must be able to declare beyond a reasonable doubt that the error was harmless. State v. Bayless (1976), 48 Ohio St.2d 73, 2 O.O.3d 249, 357 N.E.2d 1035, paragraph seven of the syllabus. If there is a reasonable possibility that improperly admitted evidence leads to a conviction, we must reverse it. Id. Although the prosecution presented other evidence to show that Hebebrand was under the influence, we cannot rule with certainty that a jury would have convicted Hebebrand on this evidence alone.
Upon consideration of the foregoing, we hold that the trial court erred in admitting evidence of the Alco-Sensor PBT test results at trial. Moreover, after reviewing the trial transcript in the case sub judice, we cannot find that such error was harmless despite the other evidence presented at trial. Instead, the record shows that the jury asked during its deliberations what the accuracy of the PBT was and proceeded to return a guilty verdict seven minutes after receiving the trial court's response to its question.
Accordingly, defendant's first assignment of error is sustained. Given this disposition, appellant's remaining assigments of error are rendered moot. We reverse the judgment of the municipal court in case number 15-97-10 and remand the cause for a new trial. We further note that defendant filed separate notices of appeal from his convictions for driving while under the influence of alcohol and the red light violation, but that these appeals were consolidated for purposes of briefing. However, defendant has not raised in his brief any assignments of error pertaining to the red light violation. Therefore, we affirm the judgment in Case Number 15-97-8.
Judgment reversed and cause remanded in Case Number15-97-10 and judgment affirmed in Case Number 15-97-8.
HADLEY and EVANS, JJ., concur.
[1] The current version of Ohio Adm. Code 3701-53-02 no longer provides that portable breath testing instruments such as the one at issue here are approved as "nonevidential preliminary breath testing instruments." See Ohio Adm. Code3701-53-02 effective July 7, 1997.