DECISION
{¶ 1} Defendant-appellant, Joseph N. Dials ("appellant"), moves this court pursuant to App. R. 26(A) to reconsider our decision in Columbus v. Dials, 10th Dist. No. 04AP-1099, 2005-Ohio-6305. Therein, we affirmed the judgment of the Franklin County Municipal Court convicting appellant of operating a vehicle under the influence of alcohol and/or drugs, and failing to signal before changing course.
 {¶ 2} Appellant asserts that this court erroneously determined that it was proper for the trial court to allow testimony to be introduced regarding a portable breath test generally as well as the refusal of appellant to submit to a portable breath test, and seeks reconsideration solely of his second assignment of error. Appellee, City of Columbus ("appellee"), opposes appellant's motion for reconsideration. For the reasons that follow, we grant appellant's application for reconsideration.
 {¶ 3} In considering an application for reconsideration, we have stated that the proper standard for our review is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." Columbus v. Hodge (1987),37 Ohio App.3d 68, 523 N.E.2d 515, citing Matthews v. Matthews
(1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E. 2d 278. However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." State v.Owens (1997), 112 Ohio App.3d 334, 336, 678 N.E.2d 956, dismissed, appeal not allowed, 77 Ohio St.3d 1487,673 N.E.2d 146.
 {¶ 4} In his motion for reconsideration, appellant asserts that the authority relied upon by this court in determining that the refusal to submit to portable breath tests was admissible did not involve portable breath tests. Rather, appellant submits that they all involved chemical tests that have been established as reasonably reliable. Appellant argues that a portable breath test is not admissible to show that a suspect has a prohibited blood alcohol content or to prove that a suspect is operating a motor vehicle under the influence of alcohol because a portable breath test has not been determined to be a reliable chemical test. According to appellant, the error of the trial court in admitting this testimony was significant and, therefore, appellant requests that this court reconsider its determination, sustain the assignment of error, and reverse his conviction.
 {¶ 5} In response, appellee asserts that although none of the cases cited by this court involved portable breath tests, the same logic that applies to other chemical tests should apply to portable breath tests. Appellee argues that portable breath tests have some indicia of reliability because though portable breath tests are not approved by the Ohio Department of Health to determine an individual is above the per se limit in an OVI case, portable breath tests are permitted by the Ohio Department of Health to determine an individual's alcohol level for watercraft offenses. According to appellee, the trial court did not abuse its discretion in allowing the testimony, and if the trial court did err in admitting testimony on a portable breath test, the error was harmless because the evidence was cumulative and appellant's rights were not prejudiced.
 {¶ 6} Upon further review of the pertinent case law, we conclude that in analyzing appellant's second assignment of error, we mischaracterized the case of Maumee v. Anistik
(1994), 69 Ohio St.3d 339, 632 N.E.2d 497. Accordingly, we find error in our analysis with respect to the second assignment of error and grant appellant's application to reconsider that assignment of error.
 {¶ 7} Appellant submits the following as his second assignment of error:
SECOND ASSIGNMENT OF ERROR:
THE TRIAL COURT ERRED IN PERMITTING TESTIMONY ABOUT THE EFFORTS TO ADMINISTER A BREATH TEST USING AN UNAUTHORIZED PORTABLE BREATH TESTING INSTRUMENT, AND THE APPELLANT'S REFUSAL TO SUBMIT TO SUCH TESTING, WHICH DENIED APPELLANT A FAIR TRIAL AND DUE PROCESS OF LAW.
 {¶ 8} The following relevant facts pertain to appellant's second assignment of error.[1] On April 10, 2004, Officer Ward ("Ward") of the Columbus Division of Police initiated a traffic stop of appellant. As Ward was conducting the traffic stop, Officer Gilbert ("Gilbert") arrived on the scene.
 {¶ 9} At trial, Gilbert testified that, through his observations of appellant, he believed that appellant was under the influence. During the course of the Gilbert's interaction with appellant, Gilbert requested that appellant take a portable breath test. Gilbert testified at trial that the portable breath test was offered to appellant to assist him in determining whether he had probable cause to arrest appellant for operating a vehicle under the influence. Appellant refused to take the portable breath test.
 {¶ 10} Appellant was arrested and taken to the Franklin County Jail. Because appellant was flushed and sweating, Gilbert wanted appellant to take a urine test to determine whether he was under the influence of a drug of abuse. Gilbert asked appellant if he would submit to the chemical test in the form of a urine sample, but appellant refused.
 {¶ 11} Appellant asserts that the trial court erred when it permitted appellee to introduce Officer Gilbert's testimony that appellant refused to submit to a portable breath test over the objection of appellant. Appellant has not raised an error with respect to the admission of testimony regarding his refusal of the urine test at the jail.
 {¶ 12} In Westerville v. Cunningham (1968),15 Ohio St.2d 121, 44 O.O.2d 119, 239 N.E.2d 40, the Supreme Court of Ohio considered whether it was permissible for a trial court to admit evidence of a defendant's refusal to take a chemical test. Noting that the United States Supreme Court had determined in Schmerberv. California (1966) 384 U.S. 757, 16 L.Ed.2d 908,86 S.Ct. 1826, that an individual did not have a constitutional right to refuse to take a reasonably reliable chemical test for intoxication, the court held that evidence of a refusal of a reasonably reliable chemical test does not violate an individual's privilege against self-incrimination, and thus is admissible. Cunningham, supra, paragraph three of the syllabus. In coming to this conclusion, the court explained that:
Where a defendant is being accused of intoxication and is not intoxicated, the taking of a reasonably reliable chemical test for intoxication should establish that he is not intoxicated. On the other hand, if he is intoxicated, taking of such a test will probably establish that he is intoxicated. Thus, if he is not intoxicated, such a test will provide evidence for him; but, if he is intoxicated, the test will provide evidence against him. Thus, it is reasonable to infer that a refusal to take such test indicates the defendant's fear of the results of the test and his consciousness of guilt, especially where he is asked his reason for such refusal and he gives no reason which would indicate that his refusal had no relation to such consciousness of guilt.
Id. at 122.
 {¶ 13} In Maumee v. Anistik (1994), 69 Ohio St.3d 339,632 N.E.2d 497, the Supreme Court of Ohio again addressed the issue of the admissibility of a refusal of a chemical test for intoxication. The court stated that "under certaincircumstances, evidence of a refusal to submit to a chemical test can be used against a defendant at trial." Id. at 342, citing Columbus v. Mullins (1954), 162 Ohio St. 419, 55 O.O. 240, 123 N.E.2d 422; Westerville v. Cunningham (1968),15 Ohio St.2d 121, 44 O.O.2d 119, 239 N.E.2d 40. (Emphasis sic.) However, the court determined that when evidence of a refusal of a reasonably reliable chemical test is introduced, a trial court must give a neutral jury instruction that allows the jury to weigh all the facts and circumstances surrounding the refusal, as well as the proper significance to attach to it. Maumee at 344.
 {¶ 14} Although we recognize that Maumee did not involve a portable breath test and instead involved a chemical breath test conducted at a police station, some courts have concluded, based on similar reasoning as in Maumee, that the refusal of field sobriety tests may be introduced into evidence at jury trials.State v. Arnold (Sept. 7, 1999), 12 Dist. No. CA99-02-026; see, also, State v. Flynt, 11th Dist. No. 2001-P-0116, 2003-Ohio-1391, at ¶ 16. Thus, the analysis of Maumee is applicable to tests other than chemical breath tests.
 {¶ 15} The issue before this court is whether the testimony regarding the refusal of a portable breath test was admissible in this case. Our review of the case law indicates that the Supreme Court of Ohio has not specifically considered the admissibility of portable breath tests. However, several courts of appeal have considered the admissibility of such tests in various contexts.
 {¶ 16} In Elyria v. Hebebrand (1993), 85 Ohio App.3d 141,619 N.E.2d 445, the Ninth Appellate District determined that the results from a portable breath test should not be admitted into evidence when a defendant is charged with driving under the influence. In State v. Siebenaller (May 13, 1994), 6th
Dist. No. 93WD056, the results of a portable breath test indicating that a defendant was over the legal limit was admitted into evidence during a jury trial. The Sixth Appellate District, while noting that "the PBT may be a relevant indicator that an individual is under the influence of alcohol," determined that "a jury is likely to mistakenly ascribe too great a value to the PBT results or entirely defer" to the results of a PBT.Siebenaller, supra. The court determined that because the probative value of the portable breath test was substantially outweighed by the danger of unfair prejudice to the defendant, the results of the portable breath test should not have been admitted. Id. In State v. Kerns (Mar. 31, 1998), 3rd Dist. No. 15-97-10, the Third Appellate District followed bothHebebrand and Siebenaller, and concluded that the results of a portable breath test could not be admitted into trial.
 {¶ 17} Courts of appeal have also considered the admissibility of portable breath tests in probable cause contexts. The Third Appellate District has determined that the results of a portable breath test are not admissible for probable cause purposes because the Ohio Department of Health no longer recognizes the test. State v. Ferguson, 3rd Dist. No. 4-01-34, 2002-Ohio-1763. Other courts of appeal have come to a similar conclusion that portable breath tests are inadmissible in a probable cause determination. Cleveland v. Sanders, 8th
Dist. No. 83073, 2004-Ohio-4473 at ¶ 24, State v. Delarosa,
11th Dist. No. 2003-P-0129, 2005-Ohio-3399, at ¶ 55. The Fourth Appellate District, however, has concluded that portable breath tests are permissible as a component of the probable cause determination. State v. Gunther, 4th Dist. No. 04CA25,2005-Ohio-3492, at ¶ 23, 25. We note, however, that in the case before us, we are not considering the results of a portable breath test, but rather testimony regarding the refusal of a portable breath test that was elicited at trial.
 {¶ 18} In the case at bar, however, a review of the record indicates that no evidence was presented that demonstrated the portable breath test used was reasonably reliable. Gilbert testified that the portable breath test he used on appellant was "an in-the-field sample, this is a unit that is a hand-held unit and it is not the scientific test like the BAC machine." (Tr. 217.) Accordingly, for purposes of this assignment of error, we must find that the portable breath test used in this case was not reasonably reliable and thus it was error for the trial court to permit testimony regarding appellant's refusal to submit to the portable breath test. We need not address the broader issue as to whether portable breath tests are admissible in general.
 {¶ 19} Pursuant to Crim.R. 52(A), "Any error, defect, irregularity, or variance which does not affect the substantial rights shall be disregarded." The Supreme Court of Ohio has stated in State v. Fisher, 99 Ohio St.3d 127, 2003-Ohio-2761,789 N.E.2d 222, that the review of an alleged error pursuant to Crim.R. 52(A) requires a two-part analysis. First, we must determine if there was an error, that is, a "deviation from a legal rule," in the trial proceedings. Id. at ¶ 7. Second, we must determine whether the error "affected substantial rights." The Supreme Court of Ohio has interpreted this to mean whether the error is prejudicial. An error will be considered prejudicial if it has affected the outcome of the trial proceedings. Id.
 {¶ 20} Since we have determined that there was an error in the trial court, we must consider whether the error was prejudicial. Fisher, supra, at ¶ 7. In addition to the testimony introduced regarding the refusal of the portable breath test offered at the scene, appellee introduced evidence of appellant's refusal to submit to a chemical urine test at the jail. This evidence was not challenged by appellant.
 {¶ 21} Since the jury heard evidence regarding both refusals, it is not likely they assigned more weight to the refusal of the portable breath test than they did to the reliable, admissible testimony regarding the refusal of appellant to submit to a urine test at the jail. There was sufficient evidence presented to the jury, including Ward's observation of appellant's driving, appellant's behavior, odor of alcohol on appellant, and the refusal of appellant to submit to the urine test at the jail, to support the conviction for operating a vehicle under the influence of alcohol and/or drugs. Thus, we determine that under these facts, the error did not affect the outcome of the case and thus was not prejudicial. We therefore find the error to be harmless.
 {¶ 22} Upon reconsideration, appellant's second assignment of error is overruled. Accordingly, for the aforementioned reasons and the reasons stated in our previous opinion, the judgment of the Franklin County Municipal Court is affirmed.
Motion for reconsideration granted; judgment affirmed.
KLATT and CHRISTLEY, JJ., concur.
Christley, J., retired of the Eleventh Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.
[1] For a full recitation of the facts, see Columbus v.Dials, 10th Dist. No. 04AP-1099, 2005-Ohio-6305, at ¶ 5-16, ¶ 39-41.