The STATE of Ohio, Appellee,

v.

SHULER, Appellant.

[Cite as *State v. Shuler*, 168 Ohio App.3d 183, 2006-Ohio-4336.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 05CA8.

Decided July 27, 2006.

</div>

184

Larry E. Beal, Hocking County Prosecuting Attorney, and David A. Sams, Assistant Prosecuting Attorney, for appellee.

John T. Wallace, for appellant.

---

McFARLAND, Judge.

{¶ 1} Jerald D. Shuler appeals his conviction in the Hocking County Municipal Court for operating a motor vehicle under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(4).  The appellant contends that the trial court erred

in excluding from the trial the results of the portable breath test ("PBT") administered at the location of the traffic stop that resulted in the arrest. Because we find the PBT to be an unreliable source of evidence, we affirm the judgment of the trial court.

{¶ 2} On November 6, 2004, Hocking County Sheriff's Deputy Groves (the "deputy") executed a traffic stop on a vehicle operated by the appellant. The initial reason for the stop was that the appellant made an improper, erratic turn. During his initial contact with the appellant, the deputy detected an odor of alcohol about the appellant and noted that the appellant had bloodshot eyes. The deputy administered to the appellant the Horizontal Gaze Nystagmus ("HGN") test, noting that the appellant lacked smooth pursuit and had distinct nystagmus at maximum deviation in both eyes. The deputy then administered to the appellant a PBT and noted a reading of 0.078, which is just below the legal limit.

{¶ 3} The deputy then turned his attention to other individuals accompanying the appellant in his vehicle. The deputy noted an open-container violation in the appellant's vehicle. Several minutes later, the deputy told the appellant that he was detaining him for OVI. The appellant and two of his companions were then transported to the Nelsonville Police Station, where a BAC test was administered to the appellant. The appellant registered a reading of 0.126. He was then issued a summons and released.

{¶ 4} On March 14, 2005, the appellant filed a motion for admission of the PBT results. The attached memorandum in support alleged that the exclusion of the PBT results would violate the appellant's Fifth, Sixth, and Fourteenth Amendment rights to compulsory process under the United States and Ohio Constitutions. The same day, the trial court held a hearing in which the appellant pleaded no contest to one count of OVI under R.C. 4511.19(A)(4). The court denied the appellant's motion for admission of the PBT results. It is from this decision that the appellant appeals, asserting the following assignments of error:

{¶ 5} "I. The trial court erred by excluding the results of the portable breath test (PBT) contrary to the case law of this district.

{¶ 6} "II. The trial court erred by the exclusion of evidence vital to the defense which violated the appellant's Fifth Amendment right to due process and Sixth Amendment right to compulsory process which constituted reversible error."

{¶ 7} We will address the appellant's first and second assignments of error jointly. A trial court enjoys broad discretion when determining the admissibility of evidence. *Wightman v. Consol. Rail Corp.* (1999), 86 Ohio St.3d 431, 437, 715 N.E.2d 546; *Brookover v. Flexmag Industries, Inc.*, Washington App. No. 00CA49, 2002-Ohio-2404, 2002 WL 1189156, at ¶ 160. Consequently, a reviewing court will not reverse the trial court's determination regarding the

admissibility of evidence absent a showing of an abuse of discretion. Id. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218; *State v. Davis*, Jackson App. No. 01CA12, 2002-Ohio-2036, 2002 WL 1653801, at ¶ 6. When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301; *State v. Craig*, Gallia App. No. 01CA8, 2002-Ohio-1433, 2002 WL 1666225, at ¶ 10.

{¶ 8} The admissibility of evidence derived from breath-testing instruments is governed in part by Ohio Adm.Code 3701–53–02, which sets forth the types of instruments that are approved for use in determining whether a person's breath contains a concentration of alcohol prohibited or defined by R.C. 4511.19, 1547.11, et al. Ohio Adm.Code 3701–53–02(A) explicitly sets forth only two general types of instruments that may determine whether a person's breath contains a concentration of alcohol prohibited or defined by R.C. 4511.19. These instruments include (1) BAC DataMaster, BAC DataMaster cdm and (2) Intoxilyzer model 5000 series 66, 68, and 68 EN.

{¶ 9} The appellant contends that the trial court erred in excluding the results of his PBT. He asserts that the exclusion of PBT results from trial contradicts the practice of our appellate district. His contention is incorrect. In *State v. Coates*, Athens App. No. 01CA21, 2002-Ohio-2160, 2002 WL 851765, ¶ 54, we recognized that we have previously allowed the results of a PBT as a valid factor upon which to base probable cause. We recently recognized our adherence to this practice in *State v. Gunther*, Pickaway App. No. 04CA25, 2005-Ohio-3492, 2005 WL 1594836, at ¶ 23. Our openness to employing PBT results as a factor to be used in determining probable cause, however, has never extended into a practice of admitting PBT results as evidence at trial. Further, we commend counsel for the state herein for his candor at oral argument regarding the PBT's use.

{¶ 10} PBT devices are not among those instruments listed in Ohio Adm.Code 3701–53–02 as approved evidential breath-testing instruments for determining the concentration of alcohol in the breath of individuals potentially in violation of R.C. 4511.19. PBT results are considered inherently unreliable because they "may register an inaccurate percentage of alcohol present in the breath, and may also be inaccurate as to the presence or absence of any alcohol at all." See *State v. Zell* (Iowa App.1992), 491 N.W.2d 196, 197. PBT devices are designed to measure the amount of certain chemicals in the subject's breath. The chemicals measured are found in consumable alcohol, but are also present in industrial chemicals and certain nonintoxicating over-the-counter medications. They may

also appear when the subject suffers from illnesses such as diabetes, acid reflux disease, or certain cancers. Even gasoline containing ethyl alcohol on a driver's clothes or hands may alter the result. Such factors can cause PBTs to register inaccurate readings, such as false positives. See Tebo, New Test for DUI Defense: Advances in Technology and Stricter Laws Create Challenges for Lawyers, Jan. 28, 2005, www.duicentral.com/aba_journal/. This lack of evidential reliability provides a basis for excluding PBT results from admissibility at trial. See *Elyria v. Hebebrand* (1993), 85 Ohio App.3d 141, 619 N.E.2d 445; *State v. Kerns* (March 30, 1998), Van Wert App. No. 15–97–8, 1998 WL 142384.

{¶ 11} Further, Evid.R. 102, which governs purpose and construction of the Ohio Rules of Evidence, states, "The purpose of these rules is to provide procedures for the adjudication of causes to the end *that the truth may be ascertained* and proceedings justly determined." (Emphasis added.) Here, the trial court properly denied the motion because the appellant offered no evidence of its scientific reliability as required by Evid.R. 702(C).

{¶ 12} With regard to the appellant's argument that the exclusion of the PBT evidence violated his Fifth Amendment right to due process and his Sixth Amendment right to compulsory process, the evidence that he seeks to have admitted is, as previously discussed, unreliable. Therefore, he suffers no deprivation under either the Fifth or Sixth Amendment because of its exclusion. To admit such untrustworthy evidence may result in unfair prejudice and confusion of the issues.

{¶ 13} Accordingly, we overrule the appellant's first and second assignments of error, and we affirm the judgment of the trial court.

Judgment affirmed.

HARSHA, P.J., concurs.

ABELE, J., concurs in judgment only.