OPINION *Page 2 
{¶ 1} This is an appeal from appellant Ahmed S. Ahmed's conviction and sentence on one count of Operating a Vehicle While Impaired [O.V.I.], a misdemeanor of the first degree in violation of R.C. 4511.19 (A)(1)(a), and one count of Refusal to Submit to a Breath Test While O.V.I. with a Prior O.V.I., a misdemeanor of the first degree in violation of R.C.4511.19(A)(2).
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On October 12, 2006, Trooper Scott Louive of the Ohio State Highway Patrol executed a traffic stop on a vehicle operated by the appellant. The initial reason for the stop was that the appellant was traveling at a slow rate of speed, had traveled over the white dotted line separating lanes of travel by approximately one foot on two occasions, stayed left over the white dotted line while stopped at a traffic light and then made an improper, erratic turn. [Transcript, Jury Trial, January 31, 2007 at 50]. [Hereinafter cited as "T."].
 {¶ 4} After stopping the appellant's vehicle Trooper Louive approached the appellant and did observe that his eyes were red and glassy. [T. at 52]. The Trooper could also smell some type of cigar smoke emanating from the vehicle. [Id.]. Appellant stated that he had consumed two beers when ask by the Trooper if he had been drinking[1] . [State's Exhibit 3]. Trooper Louive asked the appellant to exit his car and step back to the patrol car. As they were walking to the patrol car, the Trooper noticed a strong smell of alcoholic beverage coming from the appellant. [T. at 53]. Trooper Louive *Page 3 
asked the appellant to perform some field sobriety tests. Appellant was asked to perform the Horizontal Gaze Nystagmus Test [HGN], the One-leg Stand and the Walk and Turn test. Although appellant indicated that he had problems with his leg, and his eyes he offered no specifics when asked by Trooper Louive. [State's Exhibit 3]. Trooper Louive testified on each of these tests the appellant displayed indicators that he was under the influence of alcohol. Accordingly, at the conclusion of the FST's Trooper Louive placed appellant under arrest for Operating a Vehicle While Impaired.
 {¶ 5} Prior to being transported to the station, Trooper Louive offered appellant a portable breath test [PBT], to which appellant agreed to submit. Although the numerical reading is not contained in the trial court record, the videotape of the traffic stop indicates that Trooper Louive informed appellant that the result of the PBT was "near the limit." The videotape reveals that Trooper Louive had to instruct appellant several times concerning the correct manner for blowing into the testing device. The videotape further reveals that upon being asked by appellant why he was being taken to the station if the PBT result was less than the legal limit, Trooper Louive replied that he believed appellant was deliberately attempting not to take the PBT correctly, and thus, the results were inaccurate. [State's Exhibit 3].
 {¶ 6} Appellant was taken to the Ohio State Highway Patrol post, where Trooper Louive testified that appellant refused to take a breathalyzer test by pretending to blow into the machine. [T. at 71-73].
 {¶ 7} After appellant was cited and released, he hailed a cab and went to Akron City Hospital for a blood test. Akron City Hospital is certified by the Ohio Department of Health to conduct such tests. [Hearing, State's Motion in Limine, *Page 4 
January 29, 2006 at 4]. [Hereinafter "ML"]. At 5:19 a.m., appellant's test recorded that he had a blood alcohol reading of 0.049 g/dL. [ML at 3-4].
 {¶ 8} The State filed a Motion in Limine seeking to limit the introduction into evidence at trial the results of appellant's blood test. The trial court conducted a hearing on this motion on January 29, 2007. The trial court ruled in favor of the State on the Motion in Limine and refused to allow any testimony at trial concerning said blood test.
 {¶ 9} The trial court also refused to allow appellant to introduce into evidence at trial the discussions between appellant and Trooper Louive concerning the PBT result. [ML at 11].
 {¶ 10} A jury trial was conducted on January 31, 2007. The jury was shown the arresting officer's videotape, but the discussions concerning the portable breath test were muted out. [T. at 76]. Trial counsel proffered information as to the admissibility of the PBT but not as to the blood test that appellant had previously sought to introduce. [T. at 113-115].
 {¶ 11} The jury returned verdicts of guilty as to both OVI counts. [T. at 114-119]. The trial court immediately sentenced appellant and indicated that it would stay his sentence pending appeal. [T. at 149]. However, after appeal, the trial court denied the request for stay, which this Court later granted in part. This Court stayed appellant's jail sentence, fine, and community service, but ordered that appellant comply with the trial court's order concerning an alcohol abuse evaluation and counseling.
 {¶ 12} Appellant has timely appealed raising the following assignment of error: *Page 5 
 {¶ 13} "I. THE TRIAL COURT ERRED IN LIMITING THE APPELLANT'S ABILITY TO INTRODUCE EVIDENCE OF HIS POST-ARREST BLOOD ALCOHOL LEVEL INTO EVIDENCE AT TRIAL.
 {¶ 14} "II. THE TRIAL COURT ERRED IN REDACTING THE OFFICER'S VIDEOTAPE CONCERNING THE APPELLANT'S PERFORMANCE ON A PORTABLE BREATH TEST.
 {¶ 15} "III. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO THE FAILURE TO PRESERVE CERTAIN ISSUES FOR APPEAL."
 I. {¶ 16} In his first assignment of error, appellant has challenged the trial court's decision, prior to trial, to exclude the results of a BAC test that appellant had performed approximately three and one-half hours after the initial traffic stop on the night in question. Specifically, he has argued that the trial court should have overruled the State's motion in limine and allowed the results to be admitted at trial. We disagree.[2]
 {¶ 17} It is well settled that "[t]he trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court."State v. Issa (2001), 93 Ohio St.3d 49, 64, 752 N.E.2d 904, 922;State v. Barnes, 94 Ohio St.3d 121, 123, 2002-Ohio-68, 759 N.E.2d 1240,1244.
 {¶ 18} Prior to trial, the State filed a motion in limine, arguing that because a charge under R.C. 4511.19(A) (1) does not require BAC test results to convict, the *Page 6 
appellant's results were inadmissible as irrelevant under Evid. R. 402. The trial court agreed and granted the motion. R.C. 4511.19, states in pertinent part: "(A) (1) No person shall operate any vehicle, * * *, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 19} "We begin our analysis with R.C. 4511.19. The General Assembly amended certain portions of that statute in 2006 to allow admissibility of testing obtained within three hours of the alleged violation, but former R.C. 4511.19(D)(1) was otherwise similar to the current version. It provided: `In any criminal prosecution * * * for a violation of division (A) * * * of this section * * * the court may admit evidence on the concentration of alcohol * * * in the defendant's whole blood, blood serum or plasma, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the substance withdrawn within two hours of the time of the alleged violation'. S.B. 163." State v. Hassler, 115 Ohio St.3d 322, 2007-Ohio-4947,875 N.E.2d 46.
 {¶ 20} In State v. Hassler, supra, the Ohio Supreme Court reiterated and clarified previous case law concerning the admissibility of blood samples taken outside the statutory time requirements in a prosecution for a non-per se violation of R.C. 4511.19(A)(1). The Court held that "a blood sample taken outside the time frame set out in R.C. 4511.19(D) is admissible to prove that a person is under the influence of alcohol as proscribed by R.C. 4511.19(A) (1) (a) in the prosecution for a violation of R.C. 2903.06, provided that the administrative requirements of R.C.4511.19(D) are substantially complied with and expert testimony is offered." Id. at 326, 2007-Ohio-4947 *Page 7 
at ¶ 19, 875 N.E.2d 46, 50. In reaching this conclusion, the Court cited previous precedent as having already set forth the appropriate standard: "[This Court has] held that in prosecutions for violations of driving while impaired, `the behavior of the defendant * * * is the crucial issue. The accuracy of the test is not the critical issue as it is in prosecutions for per se violations'. [Newark v.] Lucas (1988),40 Ohio St.3d 100, 104, 532 N.E.2d 130. We therefore concluded that because the test `results [were] not dispositive to a determination of innocence or guilt * * *, the fact that a bodily substance is withdrawn more than two hours after the time of the alleged violation does not, by itself, diminish the probative value of the test results in an R.C.4511.19(A)(1) prosecution'. Id. Based on these principles, we held that `the results of a properly administered bodily substances test presented with expert testimony may be admitted in evidence despite the fact that the bodily substance was withdrawn more than two hours from the time of the alleged violation.' Id. at 105, 532 N.E.2d 130." Hassler, supra at 324-325, 2007-Ohio-4947 at ¶ 11, 875 N.E.2d 46, 48-49.
 {¶ 21} In the case at bar the trial court apparently granted the State's motion in limine upon the belief that the BAC results were inadmissible because appellant was not charged with a per se violation of R.C. 4511.19(A) (1) (b), and because the results were obtained outside the statutory time limit. [ML at 10-11]. We find this to have been error. However, a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason.State v. Lozier (2004), 101 Ohio St.3d 161, 166, 2004-Ohio-732 at ¶ 46,803 N.E.2d 770, 775. [Citing State ex rel. McGinty v. Cleveland CitySchool Dist. Bd. of Edn. (1998), 81 Ohio St.3d 283, 290,690 N.E.2d 1273]; Helvering v. Gowranus (1937), 302 U.S. 238, 245, 58 S.Ct. 154,158. *Page 8 
 {¶ 22} We note that there is no showing in the record that appellant attempted to provide evidence that the administrative requirements of R.C. 4511.19(D) were substantially complied with in the case at bar. Additionally, no expert testimony was proffered "to relate the test results to the [appellant] and to the time of the alleged violation, as well as to relate the numerical figure representing a percentage of alcohol by weight in the bodily substance, as shown by the results of the chemical test, to the common understanding of what it is to be under the influence of alcohol." City of Newark v. Lucas (1988),40 Ohio St.3d 100, 104-105, 532 N.E.2d 130, 134. [See, ML at 9]. Appellant's blood test took place some three and one-half hours after the initial stop. These test results are meaningless unless they are put into perspective by extrapolating appellant's blood alcohol level at the time he was driving his car. Without this information, the trial court did not abuse its discretion in granting the State's motion in limine.
 {¶ 23} However, even if the trial court erred in excluding the BAC evidence from trial, we must review the exclusion of this evidence under the plain error standard of Crim. R. 52(A). Crim.R. 52(A), which governs the criminal appeal of a non-forfeited error, provides that "[a]nyerror * * * which does not affect substantial rights shall be disregarded." (Emphasis added.) Thus, Crim.R. 52(A) sets forth two requirements that must be satisfied before a reviewing court may correct an alleged error. First, the reviewing court must determine whether there was an "error"-i.e., a "[deviation from a legal rule." UnitedStates v. Olano (1993), 507 U.S. 725, 732-733, 113 S.Ct. 1770,123 L.Ed.2d 508. Second, the reviewing court must engage in a specific analysis of the trial court record-a so-called "harmless error" inquiry-to determine whether the error *Page 9 
"affect[ed] substantial rights" of the criminal defendant. In U.S. v.Dominguez Benitez (June 14, 2004), 542 U.S. 74, 124 S.Ct. 2333,159 L.Ed.2d 157, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. See Arizona v. Fulminante, 499 U. S. 279, 309-310 (1991) (giving examples). "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. See Kotteakos v. United States, 328 U. S. 750 (1946). To affect "substantial rights," see 28 U. S. C. § 2111, an error must have "substantial and injurious effect or influence in determining the . . . verdict." Kotteakos, supra, at 776." 124 S.Ct. at 2339. See, also,State v. Barnes (2002), 94 Ohio St.3d 21, 759 N.E.2d 1240. See, also,State v. Fisher, 99 Ohio St.3d 127, 129, 2003-Ohio-2761 at ¶ 7,789 N.E.2d 222, 224-225. Thus, a so-called "[t]rial error" is "error which occurred during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." Fulminante, 499 U.S. at 307-308,111 S.Ct. 1246, 113 L.Ed.2d 302.
 {¶ 24} Appellant was convicted of a violation of R.C. 4511.19, which states in pertinent part: "(A) (1) No person shall operate any vehicle, * * *, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them." *Page 10 
 {¶ 25} In addressing a similar claim that the trial court erred in excluding BAC results favorable to the defendant, the Ninth District Court of Appeals has made the following observation: "[w]hile it is clear that BAC test results indicating a concentration less than .10 are relevant in cases such as this one and their exclusion can be prejudicial under the Ohio Rules of Evidence, that is not to say their exclusion is outcome-determinative in every instance. Surely, every R.C.4511.19(A) (1) case does not turn on the admission or exclusion of BAC test results. There are times where evidence adduced at trial will overcome the prejudice of evidence erroneously excluded." State v.Sage (July 11, 2001), Ninth District Court of Appeals, Case No. 20334. As the Ohio Supreme Court noted in Newark, supra: "[i]n prosecutions for violations of such sections, the amount of alcohol found as a result of the chemical testing of bodily substances is only of secondary interest. See Taylor, Drunk Driving Defense (2 Ed.1986) 394, Section 6.0.1. The defendant's ability to perceive, make judgments, coordinate movements, and safely operate a vehicle is at issue in the prosecution of a defendant under such section. It is the behavior of the defendant which is the crucial issue . . . Furthermore, the statutory presumptions which existed at the time of Cincinnati v. Sand, supra, no longer exist. Thus, no presumptive weight can be given to the test results under these sections. The test results, if probative, are merely considered in addition to all other evidence of impaired driving in a prosecution for this offense." Newark, supra, 40 Ohio St.3d at 104, 532 N.E.2d at 134.
 {¶ 26} The phrase "under the influence of intoxicating liquor" has been defined as "[t]he condition in which a person finds himself after having consumed some intoxicating beverage in such quantity that its effect on him adversely affects his actions, reactions, *Page 11 
conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle." Toledo v. Starks (1971), 25 Ohio App.2d 162, 166. See, also,State v. Steele (1952), 95 Ohio App. 107, 111 ("[B]eing `under the influence of alcohol or intoxicating liquor' means that the accused must have consumed some intoxicating beverage, whether mild or potent, and in such quantity, whether small or great, that the effect thereof on him was to adversely affect his actions, reactions, conduct, movements or mental processes, or to impair his reactions, under the circumstances then existing so as to deprive him of that clearness of the intellect and control of himself which he would otherwise possess"). See,State v. Henderson, 5th Dist. No. 2004-CA-00215,2005-Ohio-1644 at ¶ 32. [Citing State v. Barrett (Feb. 26, 2001), Licking App. No. 00CA 47].
 {¶ 27} The evidence produced at trial supports the inference that appellant's consumption of alcohol on the night in question adversely affected his actions, reactions, conduct, movement or mental processes or impaired his reactions to an appreciable degree, thereby lessening his ability to operate his car on the night in question.
 {¶ 28} This Court must afford the decision of the trier of fact concerning credibility issues the appropriate deference. We will not substitute our judgment for that of the trier of fact on the issue of witness credibility unless it is patently clear that the fact finder lost its way. State v. Parks, 3rd Dist. No. 15-03-16, 2004-Ohio-4023, at ¶ 13, citing State v. Twitty, 2nd Dist. No. 18749, 2002-Ohio-5595, at ¶ 114.
 {¶ 29} Looking at all of the evidence before us, we cannot say that that had the BAC test results been introduced, the outcome of his trial would have been different. *Page 12 
Having reviewed the record that appellant cites in support of his claim that the error was prejudicial, we find appellant was not prejudiced by the trial court's exclusion of the BAC test results taken over three and one-half hours after the time he had been driving. The results were not outcome determinative, i.e. the BAC results indicated that appellant had been drinking. As this was not a per se violation case, admission of the BAC test results would not have mandated an acquittal. The result of the trial was not unreliable nor was the proceedings fundamentally unfair because of the exclusion of this evidence.
 {¶ 30} Appellant's first assignment of error is overruled.
 II. {¶ 31} In his second assignment of error appellant maintains that the trial court erred by not allowing the jury to hear the circumstances surrounding his taking of a portable breath test ["PBT"] at the time of the traffic stop. Specifically, appellant contends that the trial court redacted the videotape of the traffic stop to exclude evidence that he had taken a PBT and the result was near the limit for a per se violation of R.C. 4511.19(A) (1) (b).
 {¶ 32} As previously discussed, appellant was not charged with a per se violation of R.C. 4511.19(A) (1) (b). Appellant was charge with operating a motor vehicle while under the influence of alcohol as defined by R.C. 4511.19(A) (1) (a).
 {¶ 33} The legislature has not explicitly or implicitly recognized the reliability of portable breath testing devices. Cf. State v. Vega
(1984), 12 Ohio St. 3d. 185, 188. The results are not admissible at trial by either the prosecution or the defense. State v. Shuler,168 Ohio App.3d 183, 2006-Ohio-4336, 858 N.E.2d 1254; Elyria v.Hebebrand (1993), 85 Ohio App. 3d 141. *Page 13 
 {¶ 34} In the case at bar, the actual numerical results of the PBT were not mentioned on the videotape of appellant's traffic stop. [State's Exhibit 3]. Rather, when appellant inquired of Trooper Louive concerning the result of his test, the Trooper responds that the result was "near the limit."
 {¶ 35} A thorough review of the videotape of appellant's traffic stop reveals that the Trooper informed appellant that he, the Trooper, believed that appellant was deliberately attempting to thwart the PBT test, and therefore it was the Trooper's opinion that the PBT result was not reliable. [State's Exhibit 3].
 {¶ 36} It is well settled that "[t]he trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court."State v. Issa (2001), 93 Ohio St.3d 49, 64, 752 N.E.2d 904, 922;State v. Barnes, 94 Ohio St.3d 121, 123, 2002-Ohio-68, 759 N.E.2d 1240,1244.
 {¶ 37} Due to the legislatively recognized inherent unreliability of the PBT, a reading "near the limit" is untrustworthy evidence that may result in unfair prejudice and confusion of the issues. In the case at bar, appellant has failed to demonstrate prejudice from the trial court's ruling excluding portions of the video tape from the consideration of the jury.
 {¶ 38} Accordingly, we reject appellant's argument concerning the admissibility of the Trooper's statement that appellant's result was near the legal limit.
 {¶ 39} Appellant's second assignment of error is overruled. *Page 14 
 III. {¶ 40} In his third assignment of error, appellant has argued that he was denied the effective assistance of counsel because his attorney at trial failed to preserve the issue presented in his first assignment of error for our review. We disagree.
 {¶ 41} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 42} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 43} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial; a trial whose result is reliable.Strickland 466 U.S. at 687; 694, 104 S.Ct. at 2064; 2068. The burden is upon the defendant to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.; *Page 15 Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.Strickland, supra; Bradley, supra.
 {¶ 44} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 45} Because we have found no instances of error in this case, we find appellant has not demonstrated that he was prejudiced by trial counsel's performance.
 {¶ 46} Accordingly, appellant's third assignment of error is overruled.
 {¶ 47} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Gwin, P.J., Farmer, J., and Edwards, J., concur. *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
[1] Appellant's passenger indicated that appellant had consumed three or four beers when the Trooper subsequently asked her after appellant had been removed from the vehicle. [State's Exhibit 3].
[2] Appellant seems to concede that trial counsel neither renewed his request to admit nor proffered this evidence during trial. Accordingly, appellant has raised a claim of ineffective assistance of counsel as his third assignment of error. *Page 1