[Cite as *State v. Ferguson*, 2017-Ohio-556.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-307 |
| v. | : | (C.P.C. No. 12CR-2698) |
| Theo Ferguson, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

---

M E M O R A N D U M   D E C I S I O N

Rendered on February 16, 2017

---

*Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson,* for appellant.

*Theo Ferguson*, pro se.

---

ON APPLICATION FOR RECONSIDERATION

KLATT, J.

{¶ 1} Defendant-appellant, Theo Ferguson, filed a timely pro se application for reconsideration pursuant to App.R. 26(B), asking this court to reconsider its decision rendered on December 30, 2016. *State v. Ferguson*, 10th Dist. No. 16AP-307, 2016-Ohio-8537. Plaintiff-appellee, the State of Ohio, filed a memorandum in opposition. For the following reasons, we deny appellant's application.

{¶ 2} When presented with an application for reconsideration, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *State v. Wade*, 10th Dist. No. 06AP-644, 2008-Ohio-1797, ¶ 2; *Columbus v. Hodge*, 37 Ohio App.3d 68, 69 (10th Dist. 1987). " 'An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate

No. 16AP-307

court.' " *Columbus v. Dials*, 10th Dist. No. 04AP-1099, 2006-Ohio-227, ¶ 3, quoting *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist.1996). "App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *Owens* at 336.

{¶ 3} In this court's decision, we concluded that the trial court did not err by denying appellant's motion to withdraw guilty plea. As relevant here, we rejected appellant's argument that his speedy trial rights were violated because his argument did not take into account the dismissal of the initial complaint in the municipal court, an act that tolls the speedy trial clock. *Ferguson* at ¶ 14.

{¶ 4} Appellant argues that this court committed an obvious error in our speedy trial analysis by stating that he was indicted in the common pleas court in February 2013 when, in fact, he was indicted in May 2012. He then argues that the May 2012 date is when the speedy trial clock should start again. We reject his arguments. First, we did not state that he was indicted in February 2013. That was the date of his arrest and arraignment. *Id.* at ¶ 13. We noted at the beginning of the decision that he was indicted in the common pleas court in 2012. *Id.* at ¶ 2. Second, after a dismissal and re-indictment, the speedy-trial clock re-starts upon arrest, not the date of the subsequent indictment as appellant again argues. *State v. Broughton*, 62 Ohio St.3d 253 (1991), paragraph two of the syllabus. We did not commit an obvious error that would render our decision unsupportable. Accordingly, we deny appellant's application for reconsideration.

*Application for reconsideration denied.*

TYACK, P.J., and HORTON, J., concur.