OPINION *Page 2 
{¶ 1} Appellant Sean Kennedy appeals his conviction on two felony OVI counts in the Court of Common Pleas, Tuscarawas County. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 9, 2007, Trooper Clinton Armstrong of the Ohio State Highway Patrol observed appellant driving erratically and with a loud exhaust on West High Avenue in New Philadelphia. The trooper followed appellant onto Interstate 77, southbound. After following appellant for a short time and observing lane weaving, the trooper effectuated a traffic stop along the Interstate.
 {¶ 3} The trooper observed that appellant's face was flushed, and his eyes were glassy and bloodshot. Appellant, who admitted to consuming "two beers", had an odor of alcoholic beverage about his person. The trooper had appellant exit the vehicle, and proceeded to perform field sobriety tests. Appellant was thereupon arrested and taken to the patrol post. Once there, appellant refused to submit to a breathalyzer test.
 {¶ 4} On August 7, 2007, appellant was indicted on one count of OVI under R.C. 4511.19(A)(1)(a), a third degree felony based on a prior OVI felony conviction, and one count under R.C. 4511.19(A)(2), a felony of the third degree based on a prior OVI felony conviction. Appellant thereafter pled not guilty to both counts.
 {¶ 5} On December 12, 2007, appellant filed a motion to suppress, which he subsequently amended. The trial court conducted a suppression hearing on January 4 and January 23, 2008.
 {¶ 6} Via a judgment entry on January 31, 2008, the trial court overruled the motion to suppress. *Page 3 
 {¶ 7} The case proceeded to a jury trial commencing the same day. Prior to jury selection, the trial court judge, in reference to the suppression hearing, stated that "clearly the Prosecutor did not establish that those field sobriety tests, the HGN and the field sobriety tests, were conducted in conformity with the NHTSA standards." Tr., Jan. 31, 2008, at 12-13.[1] The trial went into a second and third day on February 4-5, 2008. Appellant was subsequently found guilty on both charges in the indictment.
 {¶ 8} On March 24, 2008, appellant was sentenced, inter alia, to three years in prison, subject to judicial release after eighteen months, with five years of supervised community control sanctions.
 {¶ 9} On April 18, 2008, appellant timely appealed, and herein raises the following two Assignments of Error:
 {¶ 10} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS MOTION TO SUPPRESS ALL OF THE EVIDENCE RELATING TO THE FIELD SOBRIETY TESTS. THE COURT EVEN STATED THAT THE STATE FAILED TO PROVE THAT THE TESTS WERE ADMINISTERED IN SUBSTANTIAL COMPLIANCE WITH THE NHTSA STANDARDS.
 {¶ 11} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN ADMITTING EVIDENCE RELATING TO THE FIELD SOBRIETY TESTS. THIS PREVENTED APPELLANT FROM RECEIVING A FAIR TRIAL." *Page 4 
 Standard of Review/Legal Background {¶ 12} We initially note under Crim. R. 47, a motion to suppress "shall state with particularity the grounds upon which it is made." The State's burden of proof in a motion to suppress hearing is limited to those contentions that are asserted with sufficient particularity to place the prosecutor and court on notice of the issues to be decided.Johnstown v. Jugan (Apr. 24, 1996), Licking App. No. 95CA90,1996 WL 243805. Failure of the defendant to adequately raise the basis of his challenge constitutes a waiver of that issue on appeal. City of Xenia v.Wallace (1988), 37 Ohio St.3d 216, 218-219, 524 N.E.2d 889.
 {¶ 13} In the case sub judice, appellant's motion to suppress states in pertinent part that "* * * the field sobriety tests were not conducted within the standards set by Ohio law and the [National Highway Traffic Safety Administration] NHTSA." Amended Motion to Suppress, Jan. 7, 2009, at 2. Appellant did not specify in what manner the trooper had allegedly erred in conducting the tests, nor were any specific facts set forth in the motion to put the State on notice. We find that the basic assertion in appellant's motion to suppress in this case was insufficient to put the prosecutor and trial court on notice as to the specific concerns about the trooper's roadside sobriety testing procedures under the NHTSA. Cf. State v. Grove (July 9, 2002), Fairfield App. No. 01-CA-41,2002 WL 1528028. However, in the interest of justice, we will address appellant's arguments.
 {¶ 14} Ohio OVI law has had several significant developments over the past decade. In 2000, the Ohio Supreme Court decided State v.Homan, 89 Ohio St.3d 421, 732 N.E.2d 952, 2000-Ohio-212. The Court therein held as follows, at paragraph one of *Page 5 
the syllabus: "In order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures."
 {¶ 15} While Homan addressed the probable-cause stage of criminal litigation, in State v. Schmitt, 101 Ohio St.3d 79, 81, 801 N.E.2d 446,2004-Ohio-37, the Ohio Supreme Court extended its holding "to the admissibility of such test results at trial." Schmitt at ¶ 8. The Court ultimately held: "A law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests." Id., at the syllabus.
 {¶ 16} The Court in Schmitt further acknowledged the General Assembly's post-Homan revisions to R.C. 4511.19(D)(4)(b).[2] This statute now reads as follows:
 {¶ 17} "In any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section, * * * if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:
 {¶ 18} "(i) The officer may testify concerning the results of the field sobriety test so administered. *Page 6 
 {¶ 19} "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.
 {¶ 20} "(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate."
 {¶ 21} Most recently, in State v. Boczar (2007), 113 Ohio St.3d 148,2007-Ohio-1251, the Ohio Supreme Court upheld the constitutionality of R.C. 4511.19(D)(4)(b), which, as indicated above, provides that the results of field sobriety tests are admissible when the tests are administered in substantial compliance with testing standards.Id. at ¶ 28.
 I. {¶ 22} In his First Assignment of Error, appellant contends the trial court erred in overruling his motion to suppress evidence relating to the field sobriety tests, despite orally finding the State had failed to prove substantial compliance with NHTSA standards at the suppression hearing. We agree in part.
 {¶ 23} Certainly, under Schmitt, supra, a trial court may properly permit an officer's recollection as to his or her lay observations of the driver's capabilities on the "non-scientific" portion of field sobriety testing, even if the technical results are based on testing which falls short of substantial compliance with NHTSA standards. AccordState v. Judy, Delaware App. No. 2007-CAC-120069, 2008-Ohio-4520, ¶ 27. However, in the case sub judice, the trial court's decision to deny appellant's suppression motion in toto *Page 7 
was inherently contradictory to its conclusion that the State had failed to establish conformity with NHTSA standards. See Tr. at 12-13. We hold this constitutes reversible error in this case.
 {¶ 24} Appellant's First Assignment of Error is sustained in part.
 II. {¶ 25} In his Second Assignment of Error, appellant argues the trial court erred in admitting, at trial, the testimony of the arresting trooper concerning appellant's performance on the field sobriety tests. We agree in part.
 {¶ 26} Appellant herein particularly challenges the trooper's testimony that if a driver shows two or more clues on the walk and turn test and at least four clues on the HGN test, "it's 80% probability that the subject is going to test over the legal limit." See Trial Tr. at 235[3]. Appellant maintains that this improperly allows "subjective information" to be translated into an objective conclusion regarding whether the driver is under the influence of alcohol. Appellant's Brief at 13.
 {¶ 27} Upon review of the record, we find the trooper was improperly permitted at several points to testify as to conclusory results concerning the field sobriety testing, despite the court's finding of non-conformity with NHTSA standards. See Tr. at 219-228; 233-236. Again, the arresting trooper would be permitted to testify as to his observation of appellant's physical performance on the field sobriety tests, but due to the court's findings of a failure of substantial compliance with NHTSA standards, he could not testify as to "results" of such tests. For example, under the circumstances of this case, the trooper could testify as to what he instructed appellant to do during the *Page 8 
testing, and what was observed in response to those instructions. The trooper could not, however, opine as to whether appellant "passed" or "failed" a particular test, or indicate that a certain percentage of drivers who performed similarly to appellant would statistically be over the BAC limits. We hold the allowance of such "results" testimony under these circumstances constitutes reversible error in light of R.C. 4511.19(D)(4)(b), supra.
 {¶ 28} Appellant's Second Assignment of Error is sustained in part.
 {¶ 29} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for a new trial.
Wise, J., Edwards, J., concurs.
Hoffman, P. J., concurs separately. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to appellee.
[1] Although not separately raised as a potential error in this appeal, it appears the trial court later turned the issue of NHTSA compliance into a jury question by instructing the jurors that they could consider the results of the field sobriety tests "provided the State of Ohio has proved by clear and convincing evidence" the threshold of substantial compliance. See Tr. at 335.
[2] The events in Schmitt, supra, predated the statutory amendments.
[3] Appellant had earlier raised a general "continuing objection for the record as to the admissibility of the field sobriety tests . . ." See Tr. at 218. *Page 9