[Cite as *State v. Ricer*, 2018-Ohio-426.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. John W. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-COA-023 |
| MARK A. RICER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Ashland Municipal Court, Case No.17TRC01612

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 1, 2018

APPEARANCES:

For Plaintiff-Appellee

ANDREW N. BUSH
Assistant Law Director
1213 E. Main Street
Ashland, OH 44805

For Defendant-Appellant

JOSEPH KEARNS, JR.
Mason, Mason & Kearns
153 West Main Street
Ashland, OH 44805

*Gwin, J.,*

{¶1} Appellant Mark A. Ricer ["Ricer"] appeals his convictions and sentences after a jury trial in the Ashland Municipal Court.

*Facts and Procedural History*

{¶2} Sometime between 1:30 a.m. and 2:00 a.m. on March 4, 2017, officers from the Ashland City Police Department did a walk-thru at a local bar called the Wagon Wheel. Ricer was seen sleeping at a table by himself, with a few pizza boxes in front of him and several beer cans by his head. The officers noticed that a vehicle registered to Ricer was parked illegally on the street outside of the bar. The officers did not ticket the vehicle.

{¶3} Later in the evening and after the last walk-through Officer Kunzen radioed to Officer Schwan that Ricer was leaving the bar and driving away in his truck. Officers Schwan and Eggeman drove to the area in the same patrol car. The officers saw no traffic infractions by Ricer as they followed him on Third Street. The officers observed Ricer make a "very slow, methodical, fluid" turn onto Cottage Street. The officers observed Ricer's truck travel left of center. (T. at 22). The driver's side tire traveled completely over the centerline near Fourth Street. (Id.). Ricer made another slow, methodical, fluid turn left onto Ohio. In making that turn, the officers saw Ricer almost strike the curb, but jerked the wheel back. Officer Schwan turned on his overhead lights on Ohio Street; however, Ricer continued driving turning right onto to Arch Street. Because Ricer continued to drive, Officer Schwan sounded his siren. Ricer continued to drive a short distance before stopping.

{¶4} During their interaction with Ricer at his vehicle, the officers noted an odor of alcoholic beverage, slightly slurred speech, and glassy, watery eyes. Ricer did admit to drinking a couple of beers at the Wagon Wheel bar that night.

{¶5} Ricer was asked out of the vehicle to perform field sobriety tests. Ricer was given the Horizontal Gaze Nystagmus Test. (T. 31). Ricer told the officer that he had cataract surgery and had lenses in his eyes. The officer observed six clues of a possible six clues. Ricer was then asked to recite the alphabet without singing the song beginning with the letter "D" and ending with the letter "N." Ricer had a difficult time. Ricer was offered the Walk and Turn test, but said he could not do the test because his foot or leg had been broken a few years prior (T. 39). Ricer offered to show the officers the black and blue marks on his leg; however, the officer told Ricer they would take his word for it.

{¶6} During the stop, Ricer became slightly argumentative with the officers. (T. at 41). Ricer indicated that he wanted to take a portable breathalyzer test. The officer indicted that he had such a device but did not offer it to Ricer. Ricer later volunteered without being asked that he would not take a breathalyzer test. (T. at 41). Ricer was placed under arrest for Operating a Vehicle while under the Influence of Alcohol [OVI] in violation of R.C. 4511.19(A)(1)(a), and Driving Left of Center under Ashland City Ordinance 331.05. At the police station, Ricer was read the BMV 2255 form and refused to submit to the breath test. Ricer was charged under R.C. 4511.19(A)(2)(b), which prohibits individuals, after being arrested for operating a vehicle while under the influence from refusing to submit to a chemical blood-alcohol test if they have been convicted of an OVI offense within the previous 20 years.

{¶7}   Ricer did not file a motion to suppress challenging the validity of the stop, his arrest or the administration of the field sobriety tests.

{¶8}   A jury trial commenced on June 8, 2017.  The parties stipulated that the Ricer had been previously convicted of a prior OVI on July 21, 2000.  A video of the traffic stop and the officers' interaction with Ricer was played for the jury and admitted into evidence as State's Exhibit 2.  At the conclusion of the trial, Ricer was found guilty of OVI. The judge found Ricer guilty of the Left of Center charge.  The court sentenced Ricer to 180 days incarceration, with 90 suspended, 3-year license suspension, and a $525.00 fine, plus costs on the OVI conviction.

*Assignments of error*

{¶9}   Ricer raises one assignment of error,

{¶10}  "I. THE CONVICTION OF THE APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

*Law and Analysis*

{¶11}  Ricer's sole assignment of error challenges the manifest weight of the evidence that was presented at trial and which resulted in a jury's verdict of guilty of OVI[1]. He argues that he only showed minor indicia of impairment.  He further argues that the officer failed to properly administer the one test that was given, the Horizontal Gaze Nystagmus test.

---

[1] Ricer does not challenge his conviction for Driving Left of Center in this appeal.  Nor does he challenge his conviction under the look-back provision under R.C. 4511.19(A)(2)(b), having stipulated to his prior refusal.  [Appellant Brief at 3].

**STANDARD OF APPELLATE REVIEW.**

{¶12} When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider the credibility of witnesses. *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997–Ohio–355. The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008–Ohio–1744, ¶ 31. Because the trier of fact sees and hears the witnesses and is particularly competent to decide whether, and to what extent, to credit the testimony of particular witnesses, the appellate court must afford substantial deference to its determinations of credibility. *Barberton v. Jenney*, 126 Ohio St.3d 5, 2010–Ohio–2420, 929 N.E.2d 1047, ¶ 20.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting 5 Ohio Jurisprudence 3d, Appellate Review*, Section 60, at 191–192 (1978).

Thus, an appellate court will leave the issues of weight and credibility of the evidence to the fact finder, as long as a rational basis exists in the record for its decision. *State v. Picklesimer,* 4th Dist. Pickaway No. 11CA9, 2012–Ohio–1282, ¶ 24.

**{¶13}** Once the reviewing court finishes its examination, an appellate court may not merely substitute its view for that of the jury, but must find that " 'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins, supra,* 78 Ohio St.3d at 387, *quoting State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.

ISSUE FOR APPEAL

A.   Whether the jury court clearly lost their way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*1. Sufficiency of the Evidence.*

**{¶14}** Ricer was convicted of a violation of R.C. 4511.19, which states in pertinent part: "(A)(1) No person shall operate any vehicle, * * *, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."

**{¶15}** In *State v. Ahmed*, this Court observed,

"[B]eing 'under the influence of alcohol or intoxicating liquor' means that the accused must have consumed some intoxicating beverage, whether mild or potent, and in such quantity, whether small or great, that the effect thereof on him was to adversely affect his actions, reactions,

conduct, movements or mental processes, or to impair his reactions, under the circumstances then existing so as to deprive him of that clearness of the intellect and control of himself which he would otherwise possess"). *See, State v. Henderson,* 5th Dist. No. 2004-CA-00215, 2005-Ohio-1644 at ¶ 32. [*Citing State v. Barrett* (Feb. 26, 2001), Licking App. No. 00CA47].

5th Dist. Stark No. 2007-CA-00049, 2008-Ohio-389, ¶26. In the case at bar, the evidence produced at trial supports the inference that Ricer's consumption of alcohol on the night in question adversely affected his actions, reactions, conduct, movement or mental processes or impaired his reactions to an appreciable degree, thereby lessening his ability to operate his car on the night in question.

a). Admissibility of Field Sobriety Tests at trial.

{¶16} In *State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155, the Court held, "... HGN test results are admissible in Ohio without expert testimony so long as the proper foundation has been shown both as to the administering officer's training and ability to administer the test and as to the actual technique used by the officer in administering the test." Id. at ¶27. In accordance with R.C. 4511.19(D)(4)(b) HGN test results are admissible when the test is administered in substantial compliance with testing standards. *Boczar*, at ¶28.

{¶17} The timing required to complete the various elements with respect to both eyes of the HGN test as set forth in the NHTSA manual are approximate. *State v. Lominack, III,* 5th Dist. Stark No. 2012CA00213, 2013-Ohio-2678, ¶31. Further, the standard for admissibility is substantial not strict compliance. Id.

{¶18} We note in the case at bar Ricer was reported to exhibit six clues.

**{¶19}** This Court must afford the decision of the trier of fact concerning credibility issues the appropriate deference. We will not substitute our judgment for that of the trier of fact on the issue of witness credibility unless it is patently clear that the fact finder lost its way. *State v. Parks*, 3rd Dist. No. 15-03-16, 2004-Ohio-4023, at ¶ 13, *citing State v. Twitty*, 2nd Dist. No. 18749, 2002-Ohio-5595, ¶ 114; *State v. Ahmed,* 5th Dist. No. 2007-CA-00049, 2008-Ohio-389, ¶ 28. Looking at all of the evidence before us, we cannot say that that had the HGN test results not been introduced, the outcome of his trial would have been different. Having reviewed the record that Ricer cites in support of his claim that the error was prejudicial, we find Ricer was not prejudiced by the admission of the HGN test results.

**{¶20}** Further, the Ohio Supreme Court has made clear that the officer may testify regarding observations made during a defendant's performance of standardized field sobriety tests even absent proof of "strict compliance." *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, (2004), ¶15. This distinction has been defined as follows,

> The "results" of an HGN test include an officer's opinion about whether a person "passed" or "failed" the test, the number of clues a person demonstrated on an HGN test, and, based upon the number of clues demonstrated during the HGN test, the statistical likelihood the person was under the influence of alcohol and had a BAC level over the legal limit. *Bresson* [51 Ohio St.3d 123] at 126-29; *Kennedy* [5th Dist. No. 2008 AP 04 0026, 2009-Ohio-1398] at ¶ 27. In contrast, an officer's observation that a defendant was unable to focus steadily on the stimulus during the HGN test

or swayed during a field sobriety test is the type of physiological factor about which an officer may testify even if the test was not administered in substantial compliance with the testing standards. *Wickliffe v. Kirara*, 11th Dist. No. 2006-L-172, 2007-Ohio-2304, ¶ 19; *State v. Koteff*, 5th Dist. No. 04-COA-035, 2005-Ohio-1719, ¶ 5, 18. Thus, an officer's observation that the defendant could not hold himself steady, lost his balance, stumbled or staggered when he walked, stepped off the line, could not follow simple directions, or used his arms for balance, is admissible as lay evidence of intoxication even if the final results of the field sobriety tests are inadmissible at trial due to a lack of substantial compliance with accepted testing standards. *Schmitt* [101 Ohio St.3d 29, 2004-Ohio-37, 801 N.E.2d 446] at syllabus; *State v. Johnson*, 7th Dist. No. 05 CO 67, 2007-Ohio-602, ¶ 25; *State v. Green*, 8th Dist. No. 88234, 2007-Ohio-1713, ¶ 53; *Cleveland v. Hunter,* 8th Dist. No. 91110, 2009-Ohio-1239, ¶ 62-63; *State v. Lothes*, 11th Dist. No. 2006-P-0086, 2007-Ohio-4226, ¶ 59; *State v. Hammons*, 12th Dist. No. CA2004-01-008, 2005-Ohio-1409, ¶ 5. Admission of such evidence regarding the HGN test is no different from other nonscientific field sobriety tests. *Boczar* [113 Ohio St.3d 148, 2007-Ohio-1251, 863 N.E.2d 155] at ¶ 25-27.

Here, because Officer Kirby did not conduct the HGN test in substantial compliance with accepted testing standards, the trial court properly suppressed evidence regarding the results of the HGN test and evidence regarding the technical or scientific basis for the test.

Nonetheless, because an officer's observations are admissible as lay testimony to help the fact finder determine whether defendant was driving while intoxicated, *Schmitt* at ¶ 14, the trial court also properly ruled testimony to be admissible at trial concerning Officer Kirby's observations of defendant during the HGN test, including whether defendant swayed, had trouble staying focused, failed to follow instructions, or was uncooperative. *Schmitt; Boczar; Wickliffe; Koteff; Johnson.*

*Columbus v. Bickis,* 10th Dist. Franklin No. 09AP-898, 2010-Ohio-3208, ¶ 16-17. *See also, State v. Reaver,* 5th Dist. Muskingum No. CT2016-0054, 2017-Ohio-4149, ¶ 20.

**{¶21}** In the case at bar, Ricer's conviction for OVI was supported by the officer's observation of glassy eyes, odor of alcohol, slurred speech, admission that he had been drinking, and traffic violation. The jury also viewed a video that showed in real time the officers' interaction with Ricer.

**{¶22}** Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that Ricer's consumption of alcohol on the night in question adversely affected his actions, reactions, conduct, movement or mental processes or impaired his reactions to an appreciable degree, thereby lessening his ability to operate his car on the night in question. We hold therefore that the state met its burden of production regarding OVI and, accordingly, there was sufficient evidence to support Ricer's conviction.

*2. Manifest weight of the evidence.*

**{¶23}** The Ohio Supreme Court has emphasized: "'[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.  * * *.'  " *Eastley v. Volkman*, 132 Ohio St.3d 328, 334, 972 N.E. 2d 517, 2012–Ohio–2179, *quoting Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, *quoting 5 Ohio Jurisprudence 3d, Appellate Review*, Section 603, at 191–192 (1978).  Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses.  *See, e.g., In re Brown*, 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, *citing State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967).

**{¶24}** In conducting a manifest weight of the evidence review, we may consider the credibility of the witnesses.  *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6.  However, in conducting that review, we note that ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'"  *State v. Pallai*, 7th Dist. Mahoning No. 07 MA 198, 2008–Ohio–6635, ¶ 31, *quoting State v. Woullard*, 158 Ohio App.3d 31, 2004–Ohio–3395, 813 N.E.2d 964 (2nd Dist. 2004), ¶ 81.  "Mere disagreement over the credibility of witnesses is not a sufficient reason to reverse a judgment on manifest weight grounds."  *State v. Harris*, 10th Dist. No. 13AP-770, 2014-Ohio-2501, 25, *discretionary appeal not allowed*, 140 Ohio St.3d 1455, 2014-Ohio-4414, *citing State v. G.G.*, 10th Dist. No. 12AP-188, 2012-Ohio-5902, ¶ 7.  In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions

of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99 CA 149, 2002–Ohio–1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶25} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

{¶26} In the case at bar, the jury heard the witnesses, viewed the evidence and heard Ricer's attorney's arguments and explanations about Ricer and the

officers' actions. The jury also viewed a video that showed in real time the officers' interaction with Ricer.

**{¶27}** We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386–387, 678 N.E.2d 541 (1997), *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Ricer of OVI.

**{¶28}** Based upon the foregoing and the entire record in this matter we find Ricer's conviction is not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Ricers guilt.

**{¶29}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crime for which Ricer was convicted.

## CONCLUSION.

**{¶30}** Ricer's sole assignment of error is overruled.

{¶31} The judgment of the Ashland County Municipal Court is affirmed.


By Gwin, J.,

Wise, P.J., and

Hoffman, J., concur