[Cite as *Hutson v. Myers*, 2022-Ohio-1622.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DAVID E. HUTSON

     Plaintiff-Appellant

-vs-

WILLIAM L. MEYERS, et al.

     Defendants-Appellees

JUDGES:
Hon. Earle E. Wise, Jr., P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 21 CAE 08 0040


O P I N I O N



CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  19 CVH 02 0101


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     May 13, 2022


APPEARANCES:

For Plaintiff-Appellant

ROGER SOROKA
JOSHUA BEDTELYON
MATTHEW BODEMAN
SAMANTHA PUGH
SOROKA & ASSOCIATES, LLC
503 South Front Street, Suite 205
Columbus, Ohio  43214

For Defendants-Appellees

WILLIAM T. CRAMER
470 Olde Worthington Road
Suite 200
Westerville, Ohio  43082

*Wise, John, J.*

**{¶1}** Appellant David Hutson appeals from the July 30, 2021 Judgment Entry by the Delaware County Court of Common Pleas. Appellees are William L. Myers, Susan Myers, WLM, LLC, and Jessica Burke. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** In 2013, Appellant sold commercial property located at 50 West William Street in the City of Delaware, Ohio ("the property") to Appellees for $220,000. Appellees paid $20,000 as a down payment, and the remaining $200,000 was financed by a promissory note to Appellant and secured by a mortgage on the property. Appellant is the mortgagee.

**{¶3}** Appellees had difficulty making payments on the promissory note, and Appellant asked Appellees to sign over the property.

**{¶4}** On October 16, 2016, Appellees signed a quit-claim deed which transferred the property to Appellant.

**{¶5}** On February 25, 2019, Appellant filed a complaint against Appellees alleging default on the note and breach of contract claiming damages in excess of $300,000.

**{¶6}** After an unsuccessful attempt at mediation, the case came before a magistrate for a bench trial.

**{¶7}** At trial, Appellant testified he sold the property to Appellees. He continued that around July of 2016, Appellees stopped making payments on the promissory note. He reached out to Appellees to gauge their interest in signing the property back to him

in lieu of going through a foreclosure process. Appellant maintained he did not represent to Appellees that he would forgive the promissory note in exchange for receiving a quit-claim deed to the property.

{¶8}    Appellant then testified the property was not returned in useable condition. The exterior walls remained, but inside the HVAC, plumbing, the concrete flooring, and interior walls had been removed. Gas and electric service were no longer hooked up. Appellant testified he had to make improvements to the property to get it ready for resale. Appellant also stated the taxes were in arrears. He paid $8,386 in back taxes after receiving the quit-claim deed. Appellant was able to sell the property for $83,000.

{¶9}    On cross-examination, Appellant testified that prior to receiving the quit-claim deed, Appellant would contact Appellees for payment on the note when they were late. From October of 2016, after receiving the quit-claim deed, through August of 2018, Appellant did not contact Appellees about making a payment on the note. In August of 2018, Appellant, through counsel, sent demand letters to Appellee informing them of a balance due of $301,318.

{¶10} Next, Edward Flahive testified he served as the attorney representing Appellant in the sale of the property to Appellees. He was present when Appellees transferred the property via quit-claim deed back to Appellant. Flahive said Appellees did not ask about a forgiveness of the loan. Flahive testified that he advised Appellant that receiving title to the property would not relieve Appellees' obligation.

{¶11} Appellee William Myers testified that during a phone call on October 7, 2016, Appellant told William Myers that if he signed over the property to Appellant, Appellant would cancel the note and his obligation to Appellant would be over.

{¶12} On October 11, 2016, William went to Edward Flahive's office to sign the paperwork. The paperwork had Appellees as selling the property. William testified to him, this meant he was not giving the property to Appellant to sell, but selling the property to Appellant. He also testified that had he known the note was to remain in place, he would not have transferred the property back to Appellant.

{¶13} Next, Appellee Susan Myers testified that she spoke with William Myers after he signed over the property to Appellant. She asked if any payments were owed on the property, and he told her there were not any.

{¶14} On March 5, 2021, the Magistrate issued a decision in favor of Appellees.

{¶15} On March 30, 2021, Appellant filed a formal objection to the Magistrate's Decision.

{¶16} On July 30, 2021, the trial judge adopted the Magistrate's Decision.

## ASSIGNMENTS OF ERROR

{¶17} Appellant filed a timely notice of appeal raising the following two Assignments of Error:

{¶18} "I. THE TRIAL COURT'S FINDING OF FACT THAT MR. HUTSON PROMISED TO FORGIVE THE NOTE IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE AND SHOULD BE SET ASIDE.

{¶19} "II. THE TRIAL COURT'S FINDING THAT THE PARTIAL PERFORMANCE EXCEPTION TO THE STATUTE OF FRAUDS APPLIES HERE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AND AN ABUSE OF DISCRETION.

**I.**

{¶20} In Appellant's First Assignment of error, Appellant argues that the trial court erred by finding that Appellant promised to forgive the note. We disagree.

{¶21} As an appellate court we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact-finder could base its judgment. *Cross Truck Equip. Co. v. Joseph A. Jeffries Co.*, 5th Dist. Stark No. CA5758, 1982 WL 2911 (February 10, 1982). Accordingly, judgments are supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶22} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also*, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶23} In weighing the evidence, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶21. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is

consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Eastley* at ¶21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Therefore, an appellate court will defer to the finder of fact on issues of weight and credibility of evidence, as long as a rational basis exists in the record for its decision. *State v. Ricer*, 5th Dist. Ashland No. 17-COA-023, 2018-Ohio-426, 106 N.E.3d 819, ¶12.

**{¶24}** Appellee William Myers testified that he and Appellant had an oral agreement that Appellees' obligation on the note would be canceled upon transfer of the property to Appellant. In the Magistrate's Decision adopted by the trial court in its judgment entry, the finder of fact noted it did not find Appellant persuasive, but did find Appellee William Myers to be credible. Therefore, looking at all the evidence, we find the finder of fact did not clearly lose its way and create such a manifest miscarriage of justice that the decision must be reversed.

**{¶25}** Appellant's First Assignment of Error is overruled.

**II.**

**{¶26}** In Appellant's Second Assignment of Error, Appellant argues the trial court erred in applying the doctrine of partial performance as an exception to the statute of frauds as the evidence does not support its application and it was waived by not asserting as an affirmative defense. We disagree.

**a. Application of Partial Performance**

**{¶27}** Again, as an appellate court we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact-finder could base its judgment. *Cross Truck*

*Equip. Co. v. Joseph A. Jeffries Co.*, 5th Dist. Stark No. CA5758, 1982 WL 2911 (February 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶28}** On review for manifest weight, the standard in a civil case, is identical to the standard in a criminal case: A reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). *See also*, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

**{¶29}** In weighing the evidence, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley* at ¶21. "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Eastley* at ¶21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Therefore, an appellate court will defer to the finder of fact on issues of weight and credibility of evidence, as long as a rational basis exists in the record for its decision. *State v. Ricer*, 5th Dist. Ashland No. 17-COA-023, 2018-Ohio-426, 106 N.E.3d 819, ¶12.

**{¶30}** Ohio's statute of frauds requires that certain agreements must be in writing. R.C. 1335.05, in pertinent part, states:

No action shall be brought whereby to charge the defendant * * * upon a contract or sale of lands, tenements, or hereditaments or interest in or concerning them * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

**{¶31}** An alleged oral agreement which involves the release of a mortgage, pertains to an interest in land and, thus, falls within R.C. 1335.05. *FirstMerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789, 7 N.E.3d 1150, ¶25.

**{¶32}** However, partial performance of an oral contract to sell real estate can be sufficient to remove the contract from the statute of frauds. *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 287, 209 N.E.2d 194 (1965). In order to establish partial performance, the asserting party must have undertaken acts that "changed his position to his detriment and make it impossible or impractical to place the parties in *status quo.*" *Delfino* at 283, 209 N.E.2d 194. The asserting party must show: 1) evidence of a change in who possesses the land; 2) payment of all or part of the consideration for the land; and 3) improvements, alterations, or repairs on the land. *Bear v. Troyer*, 5th Dist. Guernsey No. 15 CA 17, 2016-Ohio-3363, ¶33.

**{¶33}** In the case *sub judice*, the trial court found that Appellee Myers established by clear and convincing evidence that the transfer of the property was

referable to an oral agreement between Appellant and Appellee Myers that the promissory note would be canceled. We agree. Appellee Myers testified he transferred the property to Appellant with the understanding that Appellant would sell the property, keep the proceeds of the property, and cancel the promissory note. Therefore, Appellee Myers changed his position to his detriment in reliance upon an oral agreement with Appellant.

**{¶34}** The evidence established that Appellant took possession of the property after receiving the quit-claim deed to the property from Appellee Myers. Appellant sold the property and kept the proceeds, in partial consideration for the transfer of the property. Appellant made improvements to the property after receipt of the quit-claim deed.

**{¶35}** Based upon the foregoing, the trial court's finding that Myers partial performance removed the parties' oral agreement from the statute of frauds is not against the manifest weight of the evidence.

### b. Waiver of Partial Performance

**{¶36}** Appellant also contends that the trial court erred as Appellees waived the affirmative defense of partial performance by not raising it in their answer. We disagree.

**{¶37}** Ohio is a notice-pleading state. *Thompson v. Buckeye Joint Vocational School Dist.*, 5th Dist. Tuscarawas No. 2015AP080047, 2016-Ohio-2804, 55 N.E.3d 1, ¶31. Pursuant to Civ.R. 8, notice pleading simply requires that a claim or defense concisely sets forth only those operative facts sufficient to give

"fair notice of the nature of the action." *Devore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38 288 N.E.2d 202, 203 (7th Dist.1972).

{¶38} Appellees allege under the heading of "Second Defense" that Appellant and Appellees entered into a "Deed in Lieu" contract. Under this contract, Appellees transferred the property back to Appellant in reliance on material representations that Appellant would cancel the note and all debt Appellees owed to Appellant.

{¶39} The record demonstrates that the answer alleges Appellant agreed to cancel the promissory note in exchange for the property deeded back to him. The Appellees did not need to expressly label this "partial performance." Accordingly, we find Appellant had notice of this defense.

{¶40} Appellant's Second Assignment of Error is overruled.

{¶41}  For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Delaney, J., concur.

JWW/br 0511